UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| CITY OF PORTLAND, | ) |  |
|---|---|---|
| Plaintiff | ) |  |
| v. | ) | 2:18-cv-00282-NT |
| PURDUE PHARMA, LP, et al., | ) |  |
| Defendants | ) |  |
| CITY OF BANGOR, | ) |  |
| Plaintiff | ) |  |
| v. | ) | 1:18-cv-00298-NT |
| PURDUE PHARMA, LP, et al., | ) |  |
| Defendants | ) |  |
| CITY OF LEWISTON, | ) |  |
| Plaintiff | ) |  |
| v. | ) | 2:18-cv-00310-NT |
| PURDUE PHARMA, LP, et al., | ) |  |
| Defendants | ) |  |

**RECOMMENDED DECISION ON PLAINTIFFS' MOTIONS TO REMAND AND DEFENDANTS' MOTIONS TO STAY PROCEEDINGS**

In the above-captioned removed actions, the Cities of Bangor, Lewiston, and Portland allege that Defendants, a group comprised of manufacturers, producers,

distributors, retailers, and physicians, are legally responsible for the harm resulting from the extensive use of opioid medication.

The matters are before the Court on Plaintiffs' motions to remand and Defendants' motions to stay proceedings.[1] Through their motions to remand, Plaintiffs maintain that the Court does not have jurisdiction over the subject matter of Plaintiffs' claims. Through their motions to stay, Defendants ask the Court to stay the matters given the "likely transfer" of the matters to the multidistrict litigation in the United States District Court for the Northern District of Ohio, to which the United States Judicial Panel on Multidistrict Litigation (JPML) has transferred similar cases for purposes of centralized pretrial proceedings. *In re Nat'l Prescription Opiate Litig.*, 290 F. Supp. 3d 1375, 1376 (U.S. Jud. Pan. Mult. Lit. 2017).

Following a review of the record, and after consideration of the parties' arguments, I recommend the Court grant Defendants' motions to stay and defer decision on Plaintiffs' motions to remand.

## BACKGROUND

Plaintiffs allege Defendants misrepresented the risks and benefits of opioid medication. Plaintiffs maintain Defendants' conduct resulted in an epidemic of opioid

---

[1] Relevant filings are as follows.

Bangor case: Notice of Removal, ECF No. 1; Motion to Remand, ECF No. 14; Motion to Stay, ECF No. 22; Consolidated Reply, ECF No. 88.

Lewiston case: Notice of Removal, ECF No. 1; Motion to Remand, ECF No. 11; Motion to Stay, ECF No. 34; Consolidated Reply, ECF No. 65.

Portland case: Notice of Removal, ECF No. 1; Motion to Remand, ECF No. 7; Motion to Stay, ECF No. 24; Consolidated Reply, ECF No. 71.

addiction, and that Plaintiffs, as municipalities, have sustained particularized harm, including the fiscal and social costs resulting from addiction-related conditions, which costs include the treatment costs associated with municipal-employee health claims and public-health demands. (*Id.* ¶¶ 20, 24, 37, 49, 50, 59, 61.)

Plaintiffs assert the following state law claims against Defendants: (1) unfair trade practices; (2) public nuisance; (3) fraud; (4) unjust enrichment; (5) negligence related to drug distribution activity; and (6) negligence specific to marketing activity. Plaintiff filed the claims in the Maine Superior Court in Cumberland, Penobscot and Androscoggin Counties. Defendant AmerisourceBergen Drug Company removed the actions from the Maine Superior Court to this Court. Defendant AmerisourceBergen asserted that this Court has subject matter jurisdiction over Plaintiffs' actions based on Plaintiffs' contention that Defendants' actions violated the federal Controlled Substances Act, 21 U.S.C. §§ 801 et seq. (CSA).[2] (Notice of Removal ¶¶ 10 – 11, citing Am. Compl. ¶¶ 746, 762, 765.)

The cases are under review by the JPML for potential transfer for centralized pretrial proceedings pursuant to 28 U.S.C. § 1407. If transferred, the cases will join several hundred other cases now pending in the United States District Court for the Northern District of Ohio. *In re National Prescription Opiate Litigation*, MDL No. 2804.[3]

---

[2] Plaintiffs also allege violations of Maine law. (Am. Compl. ¶¶ 740, 746, 769; 02-392 Me. Code. R. Ch. 16, § 2.)

[3] The JPML's conditional order of transfer (Mar. 27, 2018 Cond'l Trans. Order (CTO-18)) is evidently subject to the objections of some of the Defendants. According to the JPML docket, the JPML is scheduled to consider the objections on November 29, 2018.

## DISCUSSION

Defendants argue this Court should stay proceedings on Plaintiffs' motions to remand pending a final order by the JPML on the possible transfer of the matters. According to Defendants, because transfer is likely, a stay is appropriate to permit the transfer and allow the Northern District of Ohio to rule on the remand question, which question will be generated in a number of the matters pending in MDL No. 2804.

Pursuant to the JPML Rules of Procedure, the JPML's consideration of the transfer of the matters "does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court." R.P.J.P.M.L. 2.1(d). The decision whether to stay proceedings in anticipation of a transfer to join MDL No. 2804, therefore, is within the discretion of this Court. *Good v. Altria Grp., Inc.*, 624 F. Supp. 2d 132, 134 (D. Me. 2009).

Defendants argue that a stay is warranted because (1) transfer to the MDL is likely; (2) following transfer, judicial economy would be served as only one court would be required to consider whether the asserted state law claims raise an embedded federal question based on allegations related to the CSA; (3) the lack of a stay to facilitate a transfer could lead to inconsistent results, and prejudice Defendants given the potential for duplication of effort in multiple proceedings; and (4) a stay to await transfer would, at most, impose a minimal burden on Plaintiffs. (Motion to Stay, ECF No. 34.)

In assessing Defendants' motions to stay pending a potential transfer to the MDL, the Court must be mindful that a motion to remand is "particularly appropriate for resolution before the [JPML] acts" because the right to litigate in the MDL depends on the

4

existence of federal jurisdiction. Manual for Complex Litigation § 20.131 (4th ed. 2004). *See Mayor & City Council of Baltimore v. Purdue Pharma L.P.*, *et al.*, No. 1:18-cv-800, 2018 WL 1963816, at *3 (D. Md. Apr. 25, 2018) (order denying stay, granting motion to remand, collecting cases). In other words, either the federal court has jurisdiction over the matters or it does not. When a legitimate challenge to this Court's jurisdiction is raised, the advisability of a "routine" grant of a stay, *Whittman v. Aetna Health*, *Inc.*, No. 1:14-cv-00322-JAW, 2014 WL 4772666, at *1 (D. Me. Sept. 24, 2014), based merely on the pendency of MDL litigation, has been questioned by some courts. *Green v. Arizona Cardinals Football Club LLC*, 21 F. Supp. 3d 1020, 1026 (E.D. Mo. 2014). Where the jurisdictional question is not difficult, such that conflicting rulings would not be anticipated, and where the merits warrant a remand, a transferor court acts well within its discretion by granting the motion to remand. *See*, *e.g.*, *Robinson v. Ortho-McNeil Pharm.*, *Inc.*, 533 F. Supp. 2d 838, 841 (S.D. Ill. 2008); *Hood ex rel. Mississippi v. Microsoft Corp.*, 428 F. Supp. 2d 537, 541 (S.D. Miss. 2006); *see also Bd. of Trs. of Teachers' Ret. Sys. of Ill. v. Worldcom*, *Inc.*, 244 F. Supp. 2d 900, 905 (N.D. Ill.2002) (choosing to decide the motion to stay due to the complex legal issues involved in the motion to remand and noting that judicial economy would be served by "having one court rather than three decide complex jurisdictional issues").

Relevant case law thus suggests that consideration of the issues generated by the motion to remand is appropriate when determining whether a stay is warranted. The court's approach in *Meyers v. Bayer AG*, 143 F. Supp. 2d 1044 (E.D. Wis. 2001), is instructive. The court in *Meyers* reasoned that when presented with a motion to stay and a motion to

5

remand a matter in which a conditional order of transfer to a multi-district litigation docket has been entered, a court

> should first give preliminary scrutiny to the merits of the motion to remand. If this preliminary assessment suggests removal was improper, the court should promptly complete its consideration and remand the case to state court.
>
> If, on the other hand, the jurisdictional issue appears factually or legally difficult, the court's second step should be to determine whether identical or similar jurisdictional issues have been raised in other cases that have been or may be transferred to the MDL proceeding.
>
> \*\*\*
>
> Only if the jurisdictional issue is both difficult and similar or identical to those in cases transferred or likely to be transferred should the court proceed to third step and consider the motion to stay.

*Id.* at 1049.

"[R]emoval of an action from state court to federal court is proper only if the federal court has original jurisdiction." *Maine Mun. Ass'n v. Mayhew*, 64 F. Supp. 3d 251, 263 (D. Me. 2014) (citing 28 U.S.C. § 1441(a) and *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). The party who removes the action bears the burden of demonstrating that the action is within the federal court's jurisdiction. *Lopez-Munoz v. Triple-S Salud, Inc.*, 754 F.3d 1, 9 (1st Cir. 2014).

Defendants argue that as alleged, the claims against Defendants in part arise under federal law, and therefore are within this Court's "federal question" jurisdiction under 28 U.S.C. § 1331. In particular, Defendants maintain that Plaintiffs' allegations regarding the CSA generate an "embedded" federal question.

The First Circuit described the embedded question analysis in *Rhode Island Fishermen's Alliance, Inc. v. Rhode Island Department of Environmental Management*, 585 F.3d 42 (1st Cir. 2009).

> The relevant statute grants federal district courts original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. There is no mechanical test for determining when an action "aris[es] under" federal law. *See Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 8 (1983) (noting that the phrase "arising under" has "resisted all attempts to frame a single, precise definition for determining which cases fall within, and which cases fall outside, the original jurisdiction of the district courts"). …
>
> Experience teaches that there are two types of actions that fall within the encincture of federal question jurisdiction. The first (and most familiar) category involves direct federal questions; that is, suits in which the plaintiff pleads a cause of action that has its roots in federal law (say, a claim premised on the United States Constitution or on a federal statute). … The second (and far more rare) category involves embedded federal questions; that is, suits in which the plaintiff pleads a state-law cause of action, but that cause of action "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005); *accord Smith v. Kan. City Title & Trust Co.*, 255 U.S. 180, 201–02 (1921).
>
> These categories have some commonalities. Most prominently, every putative federal question case must pay tribute to the well-pleaded complaint rule. As this shorthand nomenclature suggests, the rule requires the federal question to be stated on the face of the plaintiff's well-pleaded complaint. *See Franchise Tax*, 463 U.S. at 13 (holding that federal question jurisdiction extends to "only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law"). To satisfy the rule, the plaintiff's well-pleaded complaint must exhibit, within its four corners, either an explicit federal cause of action or a state-law cause of action that contains an embedded question of federal law that is both substantial and disputed. *See W. 14th St. Comm'l Corp. v. 5 W. 14th Owners Corp.*, 815 F.2d 188, 193 (2d Cir. 1987). The existence of a

> federal defense to a state-law cause of action will not suffice. *See Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).

*Id.* at 47 – 48 (some citation omitted).

Whether a case presents a federal question thus requires a case-by-case assessment. *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308 (2005). Courts which have considered the jurisdictional issue presented in this case have reached different conclusions as to whether a stay or remand was appropriate. For instance, in *Mayor & City Council of Baltimore v. Purdue Pharma L.P.*, No. 1:18-cv-800 (D. Md. Apr. 25, 2015), and in *County of Spartanburg v. Rite Aid of S.C.*, *et al.*, No. 7:18-cv-1799 (D.S.C. July 25, 2018), in which cases claims similar to the claims in this case were asserted, the courts granted motions to remand when presented with straightforward jurisdictional issues related to the defendants' allegation that the plaintiffs improperly joined local defendants to defeat diversity jurisdiction. In *Board of County Commissioner of Delaware County Oklahoma v. Purdue Pharma L.P.*, No. 18-cv-460, 2018 WL 5307623 (N.D. Okla. Oct. 26, 2018), however, and the cases cited therein, district courts stayed proceedings to permit transfer, concluding that removal based on the CSA was not similarly "straightforward." Other courts assessed CSA-based removal, however, and determined remand was warranted. *New Mexico ex rel. Balderas v. Purdue Pharma L.P.*, 323 F. Supp. 3d 1242, 1245 (D.N.M. 2018); *Delaware ex rel Denn v. Purdue Pharma L.P.*, No. 1:18-cv-383, 2018 WL 1942363 (D. Del. Apr. 24, 2018).

As reflected by the different results and analyses, Defendants have asserted a plausible basis for removal of the matters, and the jurisdiction issue is not straightforward.

Furthermore, there is no apparent deficiency in the timing or form of the removal. "Preliminary scrutiny," therefore, of the motion to remand does not establish that the removal was improper.[4] *Meyers*, 143 F. Supp. 2d at 1049.

Under the *Meyers* approach, the next question is "whether identical or similar jurisdictional issues have been raised in other cases that have been or may be transferred to the MDL proceeding." *Id*. That other cases pending before the MDL present the same issue (i.e., whether Plaintiffs' reference to the CSA constitutes an embedded federal question) cannot be seriously disputed. Because the jurisdictional issue is not straightforward and is similar to issues in other cases pending in the MDL, the question is whether the Court should grant the motion to stay. *Id*.

"Generally, in evaluating whether to issue a stay, a court will consider three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party without a stay; and, (3) judicial economy." *Id.* "Courts 'frequently grant stays pending a decision by the [JPMDL] regarding whether to transfer a case.'" *Good v. Altria Grp.*, 624 F. Supp. 2d at 134 (quoting *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998)).

Here, Defendants' strongest arguments in support of a stay – i.e., to prevent duplication of effort and avoid the possibility of inconsistent results – are arguably mitigated to some degree by the fact that in some similar cases, a stay has not been granted

---

[4] The result of the "preliminary scrutiny" is not intended to suggest that the motion to remand lacks merit, or that Plaintiffs cannot prevail on the motion. Rather, a review of the issue suggests a potential basis for jurisdiction, and that resolution of the issue is not straightforward.

and remand has been ordered. *See*, *e.g.*, *New Mexico ex rel. Balderas v. Purdue Pharma L.P.*, 323 F. Supp. 3d 1242, 1249 (D.N.M. 2018); *City of Reno v. Purdue Pharma, L.P.*, No. 3:18-cv-454, 2018 WL 5730158 (D. Nev. Nov. 2, 2018); *Weber Cty., Utah v. Purdue Pharma, L.P.*, No. 1:18-CV-00089-RJS, 2018 WL 3747846 (D. Utah Aug. 7, 2018); *Uintah Cty., Utah v. Purdue Pharma, L.P.*, No. 2:18-CV-00585-RJS, 2018 WL 3747847 (D. Utah Aug. 7, 2018); *Delaware ex rel. Denn v. Purdue Pharma L.P.*, No. 1:18-cv-383, 2018 WL 1942363, at *1 (D. Del. Apr. 25, 2018). A review of the MDL docket, however, reveals the jurisdictional issue has been raised in many of the cases pending before the MDL. Undoubtedly, the issue will be raised in future transferred cases as well. Overall, judicial economy and the desire for consistent results militate in favor of a stay.

In addition, while Plaintiffs could experience some delay in the resolution of the jurisdictional issue as the result of a stay order, any delay does not appear to be prejudicial. Ultimately, a federal court will address the merits of Plaintiffs' motions to remand. Given that the objection to conditional order of transfer is scheduled for hearing, the transfer issue will evidently be decided soon. Any stay, therefore, would be relatively short. If the matter is transferred, presumably the court in the MDL will consider the motions to remand in the ordinary course with similar motions filed by other plaintiffs in the MDL. If the matter is not transferred, the motion is fully-briefed and in order for resolution by this Court.

In sum, given the potential judicial economy and efficiency that would be realized if the jurisdictional issue is resolved in the MDL with other similar cases, given that the transfer issue will apparently soon be in order for decision, and given the lack of undue prejudice to Plaintiffs if the matters are stayed pending the transfer decision, a stay of the

proceedings pending the JPML's decision whether to transfer the matters to the MDL is warranted.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court grant Defendants' motions to stay and defer decision on Plaintiffs' motions to remand.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within fourteen (14) days of being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 28th day of November, 2018.